IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2115-D

| | | |
|---|---|---|
| GABRIEL SANTOS-RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SARA M. REVELL, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Gabriel Santos-Rodriguez ("Santos" or "petitioner"), a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On August 10, 2010, the court reviewed Santos's petition and allowed the action to proceed [D.E. 3]. On August 31, 2010, respondent filed a motion to dismiss or for summary judgment [D.E. 5]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Santos about the motion to dismiss or for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 8]. On September 21, 2010, Santos filed a response in opposition [D.E. 9]. On October 8, 2010, Santos filed a motion to stay pending the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010) [D.E. 10].

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson

v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

On October 11, 2002, in the District of Puerto Rico, a jury convicted Santos of one count of conspiracy to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846, and one count of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(a)(I). Pet. ¶¶ 3, 6; Mem. Supp. Pet. 2; see also United States v. Diaz-Diaz, 433 F.3d 128, 131 (1st Cir. 2005). The court sentenced Santos to 188 months for the conspiracy count, and 60 months consecutive for the firearm count, resulting in a total term of 248 months. See Pet. ¶ 4; Mem. Supp. Pet. 2. Santos appealed his conviction and sentence, and on December 28, 2005, the United States Court of Appeals for the First Circuit affirmed. See Pet. ¶¶ 7–8; Diaz-Diaz, 433 F.3d at 142–43. On May 15, 2006, the United States Supreme Court denied Santos's petition for a writ of certiorari. Santos-Rodriguez v. United States, 547 U.S. 1139 (2006). On January 15, 2009, Santos filed a motion to vacate his sentence under 28 U.S.C. § 2255. Santos-Rodriguez v. United States, No. 3:09-CV-1068-CCC, [D.E. 1] (D.P.R. Jan. 20, 2009). On June 25, 2009, the court denied Santos's motion as untimely. Id., [D.E. 4].

Although Santos filed this action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his conviction and sentence. See Mem. Supp. Pet. 3–7. Specifically, he challenges his sentencing pursuant to 18 U.S.C. § 924(c) for possession of a firearm during the commission of a crime of violence. See id. at 7–9. Petitioner must challenge the legality of his conviction and sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Section 2255 is inadequate or ineffective to test the legality of a conviction when three conditions are met:

> (1) at the time of conviction, settled law ... established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. See id. at 333; see also In re Vial, 115 F.3d at 1194.

Moreover, Santos's reliance on Abbott v. United States, 131 S. Ct. 18 (2010), is misplaced. In Abbott, the Court determined that, even after Congress's 1998 amendment to 18 U.S.C. § 924(c), "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." 131 S. Ct. at 23. Thus, Santos's "challenge to imposing the consecutive running of 18 U.S.C. § 924(c)(1)(A)'s mandatory minimum ... is now foreclosed by Abbott." United States v. Goncalves, No. 10-1367, 2011 WL 1631649, at *7 (1st Cir. Apr. 28, 2011). Therefore, Santos's claim lacks merit.

For the reasons stated, the court GRANTS respondent's motion to dismiss [D.E. 5] and DENIES AS MOOT Santos's motion to stay [D.E. 10]. Santos's application for habeas corpus relief is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 10 day of May 2011.

JAMES C. DEVER III
United States District Judge

4